FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2017 MAR 23  PM 4: 18

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES OF AMERICA

v.

SEYED ALI SOROUSHJOU
  a/k/a "Ali Soroosh"
  a/k/a "ali.soroosh.3"
  a/k/a "MobyDick NahanghaVahshi"

Case No.   3:17-cr-48-J-25JRK
Ct. 1:     18 U.S.C. § 2261A(2)(B)
Ct. 2:     18 U.S.C. § 875(c)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

Between on or about August 23, 2016 and on or about August 27, 2016,

in the Middle District of Florida and elsewhere, the defendant,

SEYED ALI SOROUSHJOU,
a/k/a "Ali Soroosh,"
a/k/a "ali.soroosh.3,"
a/k/a "MobyDick NahanghaVahshi,"

with the intent to injure, harass and intimidate another person, that is, Person

A, knowingly used an interactive computer service, Facebook, and the

internet, a facility of interstate commerce, to engage in a course of conduct

that caused, attempted to cause, and would be reasonably expected to cause

substantial emotional distress to Person A.

In violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5).

## COUNT TWO

On or about August 27, 2016, in the Middle District of Florida and elsewhere, the defendant,

SEYED ALI SOROUSHJOU,
a/k/a "Ali Soroosh,"
a/k/a "ali.soroosh.3,"
a/k/a "MobyDick NahanghaVahshi,"

for the purpose of issuing a true threat and with knowledge that the communication would be viewed as a true threat, did knowingly transmit in interstate commerce a communication containing a true threat to injure the person of another, that is, an instant message via Facebook over the internet to Person A, and the communication contained a threat to sexually assault Person A.

In violation of 18 U.S.C. § 875(c).

## FORFEITURE

1. The allegations contained in Count Two are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 875, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. If any of the property described above, as a result of any act or omission of the defendant:

        a. cannot be located upon the exercise of due diligence;

        b. has been transferred or sold to, or deposited with, a third party;

        c. has been placed beyond the jurisdiction of the Court;

        d. has been substantially diminished in value; or

        e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).


A TRUE BILL,


Foreperson


STEPHEN W. MULDROW
Acting United States Attorney

By: _____

D. RODNEY BROWN
Assistant United States Attorney


By: _____

FRANK M. TALBOT
Assistant United States Attorney
Acting Chief, Jacksonville Division

4

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

Foreperson

STEPHEN W. MULDROW
Acting United States Attorney

By: _____

D. RODNEY BROWN
Assistant United States Attorney

By: _____

FRANK M. TALBOT
Assistant United States Attorney
Acting Chief, Jacksonville Division

4

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Jacksonville Division

## THE UNITED STATES OF AMERICA

vs.

SEYED ALI SOROUSHJOU
a/k/a "Ali Soroosh"
a/k/a "ali.soroosh.3"
a/k/a "MobyDick Nahangha Vahshi"

## INDICTMENT

Violations: 18 U.S.C. § 2261A(2)(B), 18 U.S.C. § 875(c)

A true bill,

_____
Foreperson

Filed in open court this _13th_ day of March, 2017.

_____, Deputy Clerk
Clerk

Bail   $_____